IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JASON LUNCEFORD

Plaintiff,

vs.

STEPHANIE BIGMAN, in her individual
and official capacity

Defendant.

Case No. 1:16-cv-02169-CL
**ORDER**

AIKEN, District Judge:

Magistrate Judge Mark Clarke filed his Findings and Recommendation ("F&R") (doc. 22) on 7/24/2017. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's F&R, the district court must make a *de novo* determination of that portion of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert denied*, 455 U.S. 920 (1982).

Timely objections and a response have been filed by the parties.

I find no error and concur with Magistrate Judge Clarke's analysis of the factual and legal issues in this case. Plaintiff filed objections on several grounds, including F&R's conclusion that Defendant's seizure of Plaintiff's person was not unreasonable. He argued that reasonableness should have no bearing on the Fourth Amendment analysis, and the traffic stop was measurably extended as a matter of fact because 25 seconds is literally measurable. (doc. 25) While Magistrate Judge Clarke did not cite authority on what would qualify as an unlawfully measurable extension of the stop, the Ninth Circuit, in an unpublished opinion, held that a traffic stop extended by three to five minutes for an unrelated inquiry did not measurably extend the traffic stop, and was not unreasonable. *United States v. Evans*, 445 F.Appx. 29, 31 (9th Cir. 2011).

Further, *Evans* reaffirmed that reasonableness is part of the Fourth Amendment inquiry. Citing Ninth Circuit precedent, the Court opined that "[r]ather than bright-line simplification, the Constitution requires a reasonableness analysis." *Id.* (quoting *United States v. Turvin*, 517 F.3d 1097, 1101 (9th Cir. 2008)).[1] Magistrate Judge Clarke was correct to rely upon reasonableness rather than a bright-line literal measurability rule.

Therefore, I adopt Magistrate Judge Clarke's F&R (doc. 22) in its entirety. Defendant's motion for summary judgment (doc. 14) is GRANTED, and plaintiff's motion for summary judgment (doc.12) is DENIED. Accordingly, this action is dismissed, with prejudice.

///

///

///

---

[1] The Court in *Turvin* declared that "[w]e will not accept a bright-line rule that questions are unreasonable if the officer pauses in the ticket-writing process in order to ask them. The Supreme Court has 'consistently eschewed bright-line rules [in the Fourth Amendment context], instead emphasizing the fact-specific nature of the reasonableness inquiry.'" *Id.* at 1103; (quoting *Ohio v. Robinette*, 519 U.S. 33, 39 (1996)).

IT IS SO ORDERED.

Dated this 21st day of September, 2017.

*Ann Aiken*
Ann Aiken
United States District Judge